UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NUMBER: |
| VERSUS | |
| | 11-38-JJB-DLD |
| GEORGE WILLIAM JARMAN | |

**MEMORANDUM IN SUPPORT OF MOTION TO
COMPEL PRODUCTION OF MIRROR IMAGE HARD DRIVES**

NOW INTO COURT, through undersigned counsel, comes defendant, GEORGE WILLIAM JARMAN, who hereby asserts that this Court should grant his motion to compel the government to produce a mirror image of the hard drives in evidence for the following reasons:

**I.
Background**

On April 21, 2011, Mr. Jarman was charged in a two-count Indictment with knowing receipt of child pornography between March 23, 2006, and January 2008, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) (Count One) and knowing possession of child pornography between March 23, 2006, and December 2008, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). The chief pieces of evidence against Mr. Jarman are three hard drives which were seized pursuant to search warrants executed on December 8, 2008. These three hard drives contain the alleged images and videos for which Mr. Jarman has been charged.

To assist in this case, the defense has retained the services of Ms. Tami Loehrs, a nationally renowned certified forensic computer examiner. On June 21 and 22, 2011,

Ms. Loehrs conducted a preliminary forensic review of the three hard drives at the Baton Rouge FBI office. This review was merely a preliminary review as significant and more in depth forensic examinations are still necessary. A more extensive and intensive review is necessary by Ms. Loehrs so she can effectively assist Mr. Jarman in his defense. The defense has requested that the government provide a "mirror image" of the hard drives in this case for review by Ms. Loehrs in her forensic laboratory in Arizona. The government, citing 18 U.S.C. § 3509(m), has refused.[1]

The defense therefore moves the Court for an order that the government provide Ms. Loehrs with a mirror image copy of the seized hard drives. The defense will provide the Court with a proposed protective order regarding the hard drives and they can be provided directly to Ms. Loehrs who will keep the materials locked in a secure location in her computer lab. All transportation of the materials will occur in a locked, password protected state. No copies of any illegal images or videos will be made for any purpose. This request is made to ensure the defense has the same access to the evidence as the government and is able to run those forensic exams it determines necessary without government intrusion.

## II.
## Law and Argument

Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure requires the Government to produce all papers, documents, and other types of material, including "data," that is within the Government's possession or control and either (1) is material to preparing the defense of a criminal case, (2) intended for use by the government in its case in chief at trial, or (3) was obtained from, or belongs to, the defendant.

---

[1] *See* Government Opposition to Motion for Bill of Particulars at 5 (Rec. Doc. 33).

The hard drives are clearly discoverable under each of the three prongs of Rule 16. First, they are "material" to the preparation of a defense. The burden of showing materiality is "not a heavy burden."[2] "[E]vidence is material as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal."[3] Second, the government has provided notice it intends to introduce substantial evidence taken from the hard drives at trial. Third, the government would certainly contend that the three hard drives belong to Mr. Jarman.

The government has refused to provide the hard drives under 18 U.S.C. § 3509(m). This statute, enacted in July 2006, provides in part that "any property or material that constitutes child pornography. . . shall remain in the care, custody, and control of either the Government or the Court."[4] The statute further provides that: "[n]otwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography **so long as the Government makes the property or material reasonably available to the defendant**."[5] The statute defines "reasonably available" as an "**ample opportunity** for inspection, viewing, and examination at a Government facility of the property of material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at

---

[2] *United States v. Bergonzi,* 214 F.R.D. 563, 577 (N.D. Cal. 2003) (quoting *United States v. Liquid Sugars*, 158 F.R.D. 466, 471 (E.D. Cal. 1994)).
[3] *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993) (citations omitted).
[4] 18 U.S.C. § 3509(m)(1).
[5] 18 U.S.C. § 3509(m)(2)(emphasis added).

3

trial."[6] As detailed below, this provision should not be used to avoid the disclosure requirements of Rule 16 or to violate Mr. Jarman's constitutional rights. Under the circumstances of this case, the government cannot make the hard drives reasonably available such as to provide ample opportunity to examine those hard drives without providing mirror image copies to the defense.

What constitutes "reasonably available" and "ample opportunity" logically must depend on the nature of the evidence and the issues of each particular case. If this were a simple "possession case" then the need for a mirror image of the hard drives may be lesser. However, in this case Mr. Jarman has potentially viable defenses to each of the supposed images/videos alleged to have been found on the hard drives but needs in-depth forensic evaluation to further develop these defenses.

In its opposition to Mr. Jarman's Motion for Bill of Particulars, the government identified four key components of its case against Mr. Jarman-- three hard drives allegedly containing child pornography and a series of websites. The government has already conceded that no evidence of the websites was found on the three hard drives. Therefore the bulk of the case against Mr. Jarman will concern images/videos on these three hard drives which are alleged to be child pornography.[7] The images/videos purportedly found on the three hard drives are of three types. First, two thumbs.db files found on two of the hard drives, identical "Vicky" videos located on two of the hard drives, and a folder containing files which failed to fully download from limewire in an "Incomplete" folder.

---

[6] 18 U.S.C. § 3509(m)(2)(B) (emphasis added).
[7] Mr. Jarman has also filed a Motion for a Bill of Particulars seeking identification of the exact images/videos charged by the government.

4

Mr. Jarman has specific defenses to each of these videos/images but needs intense and comprehensive forensic examinations in order to develop those defenses. For example, in her preliminary examination, Ms. Loehrs discovered the computers inside Mr. Jamran's home had multiple users with profiles such as "Bill", "Samantha", "friends" and "Guest".  Moreover, Ms. Loehrs discovered evidence that numerous individuals using all four profiles had access to and actively used the computers.  This activity included accessing email and social networking account, web browsing, downloading pictures from personal cameras, the creation, editing and opening of documents, and downloading files with file sharing applications such as LimeWire.  Ms. Loehrs also identified AOL Instant Messenger Accounts for seven different individuals, indicating even more use by others of the computers.  Additionally, Ms. Loehrs found 17 viruses on one of the hard drives but was unable to complete her scan due to time and equipment constraints.

Despite what Ms. Loehrs has been able to find, much work remains.  For example, there needs to be an in depth examination of the specific images and videos the government contends contain child pornography to determine where those images/videos were obtained from and when.  Some of those images are in thumbs.db files and are not in allocated space.  It is quite possible these images were "received" well beyond the statute of limitations but examination is needed to make this determination. Further, the dynamic of additional users makes it even more important that a thorough and intensive examination be done.  This simply cannot be done fully and completely by

5

Ms. Loehrs under the constraints set forth by the government in this case, thus making the hard drives not "reasonably available" to the defense.[8]

In the affidavit for the search warrant in this case, FBI Special Agent Tom Tedder specifically laid out the difficulty and care needed in forensic exams of hard drives such as these. For example the affidavit states:

> Searching computer systems for criminal evidence is a highly technical process requiring expert skills in a properly controlled environment. The vast array of computer hardware and software available today requires even computer experts to specialize in some systems and applications. It is difficult to know before a search which expert should analyze the system and its data. A search of a computer system is an exacting scientific procedure, which is designed to protect the integrity of the evidence and to recover hidden, erased, compressed, password-protected, and other encrypted files. Because computer evidence is extremely vulnerable to tampering and destruction (both from external sources and from code embedded in the system as a "booby-trap"), the controlled environment of a laboratory is essential to its complete and accurate analysis.[9]

This paragraph underscores the difficulty and intensity of a complete forensic exam. Ms. Loehrs, whose office is in Arizona, simply cannot accomplish this under the confines the government has placed upon access to the hard drives. First, Ms. Loehrs is required to travel from Arizona to the FBI office in Baton Rouge. The government has required prior approval before any access and has prohibited access on Fridays and weekends. The government has also given Ms. Loehrs a protocol she must follow for any examination. Since the hard drives are in a government facility, Ms. Loehrs is given limited time to conduct her exam, is unable to fully use her own equipment, and is unable to confer with defense counsel and Mr. Jarmen in a private environment. Moreover, the cost to Mr. Jarman for Ms. Loehrs to come to Baton Rouge and conduct a

---

[8] Ms. Loehrs will be available for the hearing date of October 24, 2011, to inform this Court of the exact need for a mirror image in this case.
[9] Affidavit of TomTedder at ¶20.

6

complete examination at the FBI office, if one can even be done there, is nearly prohibitively expensive The cumulative effect has been to severely limit the defenses opportunity to examine and inspect the evidence while allowing the government unlimited and unfettered access.

Even post Adam-Walsh, courts have ordered the production of mirror images hard drives in cases such as this. For example, in *United States v. Winslow*, 2008 U.S. Dist. LEXIS 66855 (D. Alaska 2008), the court ordered production of a mirror image of hard drives containing suspected child pornography because restrictions placed by the government and the cost and inconvenience associated with conducting examinations at a government facility denied the defendant "ample opportunity for review pursuant to 18 U.S.C. § 3509(m)."[10]

Likewise, in *United States v. Knellinger*, 471 F. Supp. 2d 640 (E.D. Va. 2007). the court concluded that the defendant had not been given an ample opportunity to conduct an examination of the evidence and ordered the government to turn over to the defendant a mirror image of the hard drive.[11]  The court in *Knellinger* examined 18 U.S.C. § 3509(m) and stated:

> The constitutional rights which produce a 'fair trial' are implicated by the restrictions imposed by § 3509(m) on the custody and reproduction of child pornography that is the subject of a criminal proceeding. However, while those restrictions are serious and significant, they have limited reach. Defendants. . . may obtain, by court order, copies of child pornography when the United States cannot provide an "ample opportunity for inspection, viewing, and examination at a Government facility."[12]

The court went on to note that "[w]hile the statute does not define 'ample opportunity,' that term must be read to include at least every opportunity for inspection, viewing, and

---

[10]  *Winslow* at 38-39.
[11]  Id. at 650.
[12]  *Knellinger*, at 644.

7

examination required by the Constitution.  If read in that way, any opportunity for inspection that falls short of that mark would enable a court to order a copy given to the defendant for inspection outside a 'Government facility'."[13]  The court found that whether "ample opportunity" has been given is determined on a case by case basis.[14]

Much as in *Winslow* and *Knellinger*, the government has not and cannot give ample access to Ms. Loehrs at the FBI facility for her to conduct the forensic examinations needed in this case.  This is far from a simple case, and to ensure he receives a fair trial Mr. Jarman needs the same opportunity to examine the key pieces of evidence –the hard drives—as is afforded the government.  The only way to ensure this occurs is that the government be ordered to produce a mirror image copy of the hard drives in this case to Ms. Loehrs.

### III.
### Conclusion

For these reasons, as well as the anticipated testimony of Ms. Loehrs during the October 24, 2011, evidentiary hearing, Mr. Jarman hereby requests that this Court order the government to produce a mirror image copy of the three hard drives at issue in this case.

---

[13] *Id.*
[14] *Id.,* at 646.

        Respectfully submitted;

        Hymel Davis & Petersen, LLC

        s/Joseph E. Blackwell
        L.J. Hymel, LBN 07137
        Richard P. Ieyoub, LBN 02217
        Michael Reese Davis, LBN 17529
        Glen R. Petersen, LBN 10473
        Joseph E. Blackwell, LBN 26804
        Attorneys for Defendant
        10602 Coursey Boulevard
        Baton Rouge, LA  70816
        Telephone: 225-298-8118
        Fax: 225-298-8119
        jblackwell@hymeldavis.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on September 1, 2011, a copy of the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system.  Notice of this filing will also be sent to all counsel of record by operation of the court's electronic filing system.

        s/Joseph E. Blackwell
        Joseph E. Blackwell, LBN 26804
        10602 Coursey Boulevard
        Baton Rouge, LA  70816
        Telephone: 225-298-8118
        Fax: 225-298-8119
        jblackwell@hymeldavis.com