MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 11-38-JJB |
| GEORGE WILLIAM JARMAN | |

**RULING ON MOTION FOR RECONSIDERATION AND TO REOPEN THE *FRANKS* HEARING**

This case is before the Court on a Motion for Reconsideration and to Reopen the *Franks* Hearing (Doc. 180) filed by the defendant, William Jarman (Jarman). The government filed an opposition (Doc. 186) to which Jarman replied (Doc. 190). Oral argument is unnecessary.

**Background**

In April of 2014, the Court held a hearing on a Motion to Suppress (Doc. 116) brought by Jarman. After this hearing, the government submitted a multitude of documents for in camera review. The Court ordered (Doc. 173) the disclosure of some of these documents to Jarman after editing to remove information that did not warrant disclosure. In October of 2014, the Court ruled (Doc. 178) that the Western Digital Hard Drive would be suppressed but denied the motion with respect to the fruits of the search of Jarman's home. Jarman, in response, filed a Motion for Reconsideration and to Reopen the *Franks* Hearing from April 2–3, 2014. The Motion for Reconsideration alleged an error in law by the Court concerning its application of the good faith exception and for not suppressing the evidence based on a purported violation of Rule 41 of the Federal Rules of Criminal Procedure. Regarding the *Franks* hearing, Jarman argued that he had not been able to adequately cross Special Agent Thomas Tedder (SA Tedder) about the warrant application because he lacked access to the documents that the Court ordered disclosed after the hearing ended

## Analysis

I.      Motion to Reopen the *Franks* Hearing

Jarman argues that he should be allowed to reopen the hearing and cross-examine SA Tedder on the redacted documents that were disclosed after the hearing because the Fifth Circuit "safeguards the right to cross-examine at the suppression hearing because the aims . . . involved . . . are just as pressing as those in the actual trial." *United States v. Stewart*, 93 F.3d 189, 192 n.1 (5th Cir. 1996). This protection is rooted in the Confrontation Clause's guarantee that a defendant be able to fully cross-examine witnesses. *Id*. The government notes that "[t]he district court has 'wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on cross-examination based on concerns about, among others things . . . interrogation that is repetitive." *United States v. Rosbottom*, 763 F.3d 408, 416 (5th Cir. 2014) (quoting *United States v. Skelton*, 514 F.3d 433, 439 (5th Cir. 2008)). To overcome the good faith exception, Jarman needs to establish that SA Tedder acted intentionally or with a reckless disregard for the truth, and, the government argues, cross-examination based on the additional documents does nothing but reiterate that there are inconsistencies between the warrant application and SA Tedder's testimony. Therefore, according to the government, because the Court has already ruled that the good faith exception applied even with knowledge of some inconsistencies, there is no need to reopen the hearing.

Although the government is correct that the Court can impose some restrictions, the Confrontation Clause's significance still requires relatively close adherence. Jarman claims that the information in these documents is "critical" to determining if the good faith exception applies, and he should be given the chance to show this. Consequently, the *Franks* hearing will

be reopened for the limited purpose of allowing Jarman to cross-examining SA Tedder on the documents.

  II.  Motion for Reconsideration

As the *Franks* hearing will be reopened to allow cross-examination on the issue of SA Tedder's credibility and the good faith exception, the Court defers ruling on the Motion for Reconsideration at this time.

## **Conclusion**

For the foregoing reasons, the Motion for Reconsideration and to Reopen the *Franks* Hearing (Doc. 180) is GRANTED in part, and the *Franks* hearing will be reopened for the limited purposes of cross-examining SA Tedder on the documents turned over after the April 2–3, 2014 hearing.

Signed in Baton Rouge, Louisiana, on March 31, 2015.

           **JUDGE JAMES J. BRADY**
           **UNITED STATES DISTRICT COURT**
           **MIDDLE DISTRICT OF LOUISIANA**